2018R00919/HALVERSON/BAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| v. | : | Crim. No. 20-722 (MCA) |
| ALLEYNE SMITH, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about August 27, 2020, pursuant to a plea agreement with the United States, defendant Alleyne Smith pleaded guilty to a one-count Information that charged her with conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit all property the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offense to which she agreed to plead guilty, which the defendant agreed was $195,120 (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged she understood that the imposition of the Money

Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of her assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

The defendant further acknowledged that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offense to which the defendant has pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. The defendant having conceded that one or more of the criterial set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $195,120. A money judgment in the amount of $195,120 (the "Money Judgment") is hereby entered against the

defendant, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($195,120).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

Dated: __April 1,___, 2021

_____
HON. MADELINE COX ARLEO, U.S.D.J.

The undersigned hereby consent to the form and entry of this Order:

RACHAEL A. HONIG
Acting United States Attorney

___*/s/ Darren C. Halverson*___   Dated: __March 29, 2021__
By:  DARREN C. HALVERSON
     Trial Attorney, Fraud Section
     U.S. Department of Justice
     BARBARA A. WARD
     Assistant U.S. Attorney
     District of New Jersey

_____   Dated: __3/29/21__
MICHAEL J. GREENE, ESQ.
Attorney for Defendant Alleyne Smith

_____   Dated: __3/25/21__
ALLEYNE SMITH, Defendant

-4-